■ STEVEN REED, by His Mother and Natural Guardian, DIANE HENRY, et al., Respondents, v TOMPKINS TERRACE, INC., et al., Defendants. STEVEN REED, JR., by PATRICIA JACKSON, Intervenor-Appellant. [619 NYS2d 725] —In an action to recover damages for personal injuries which was settled by an infant's compromise order entered March 25, 1985, the intervenor,

Steven Reed, Jr., by his guardian Patricia Jackson, appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 30, 1994, which denied his motion to modify the infant's compromise order so as to provide that the remaining payments from the annuity purchased thereunder would be paid to him.

Ordered that the order is affirmed, with costs.

In 1982, Steven Reed, Sr., then seven years of age, suffered severe burns after coming into contact with high-voltage electrical lines or terminals inside an unlocked transformer unit located near his home. Thereafter, his mother Diane Henry Morgan, as his guardian, commenced this personal injury action on his behalf. The action was settled by an infant's compromise order entered March 21, 1985, which provided for a structured settlement. The infant's compromise order provides, in part, as follows: "In the event of the death of Steven Reed within 20 years of the date of this settlement, the aforesaid payments shall continue to be made until the end of the 20th year and shall be made to his mother, Diane Henry Morgan, during his minority or until he attains his majority and makes a will designating a different beneficiary".

Steven Reed, Sr., died intestate on March 15, 1993, shortly after reaching the age of majority and, by operation of the terms of the infant's compromise order, the annuity became payable to his mother, Diane Henry Morgan.

The appellant, Steven Reed, Jr., is an infant who is alleged to be the son of the deceased Steven Reed, Sr. By his maternal grandmother and legal guardian Patricia Jackson, he now seeks to set aside that portion of the infant's compromise order which made Diane Henry Morgan the beneficiary thereunder in the event of the death of Steven Reed, Sr. He claims that equitable considerations mandate such modification because he has essentially been disinherited from sharing in his father's estate. However, contrary to the appellant's contention, he has been neither disinherited nor otherwise precluded from sharing in an asset of the decedent's estate. The terms of the settlement agreement, as read into the record, specifically provided that the annuity agreement was not to be deemed owned by the decedent or his estate. Pursuant to the settlement terms, the annuity would pass outside of the estate of Steven Reed, Sr., much like the benefits under an insurance policy or a joint bank account with rights of survivorship. Accordingly, even if it were determined that the appellant was in fact the son of the decedent—an issue not sufficiently

established on this record—he could not share in the annuity's proceeds by operation of the laws of intestacy. To this end, we stress that the infant's compromise order specifically provided Steven Reed, Sr., with a mechanism by which he was able to designate a beneficiary other than his mother upon his attaining the age of majority. He simply failed to do so, and we decline to write a will for him posthumously.

In addition, we decline to rewrite the terms of the settlement agreement in the manner suggested by the appellant. The annuity payments being received by Diane Henry Morgan are the result of a settlement agreement which was placed upon the record in open court, was approved by the court, and was incorporated into the infant's compromise order.

Moreover, the power of a court to approve a settlement does not mean that the court has the power to dictate the terms of a settlement. This particularly rings true where one seeks to have the court rewrite the terms of an agreement some eight years later *(see, Sutherland v City of New York,* 107 AD2d 568, 569, *affd* 66 NY2d 800).

We have examined the remaining issues raised by the appellant and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.