■ DENISE BARRETTA et al., Appellants, v NBKL CORP. et al., Respondents. ALAN C. GLASSMAN, Nonparty Appellant. [748 NYS2d 669] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an infant compromise order of the Supreme Court, Kings County (Patterson, J.), dated February 7, 2002, as, in effect, denied that branch of their application which was to incorporate, in full, the terms of a structured settlement agreement set forth in a proposed infant compromise order submitted on May 7, 2001, and Alan C. Glassman separately appeals from so much of the same infant compromise order as granted that branch of his application which was for an award of an attorney's fee only to the extent of awarding him an attorney's fee in the sum of $75,000.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the infant compromise order is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, that branch of the application which was to incorporate, in full, the terms of a structured settlement agreement set forth in the proposed infant compromise order submitted on May 7, 2001, is granted, that branch of the application which was for an award of an attorney's fee in the amount of $100,000 is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate infant compromise order in accordance herewith.

Under the circumstances present here, we conclude that the Supreme Court, in exercising its authority to approve the settlement of this action pursuant to CPLR 1207, impermissibly dictated the terms of a structured settlement agreement contrary to the wishes of the plaintiff Denise Barretta, the infant's mother and natural guardian (*cf. Reed v Tompkins Terrace,* 209 AD2d 595, 597). The record provides no basis to conclude that the provisions of the structured settlement agree-

ment submitted to the Supreme Court by the plaintiffs on May 7, 2001, were not in the infant's best interest, and the Supreme Court did not issue a decision explaining its rationale. Accordingly, the matter is remitted to the Supreme Court, Kings County, to issue an infant compromise order which is consistent with the terms of the structured settlement agreement submitted on May 7, 2001.

The amount of the attorney's fee requested in the infant compromise order, which was one third of the recovery, was consented to by the plaintiff and was consistent with the retainer agreement. Based on the record, this amount constituted "suitable compensation" (Judiciary Law § 474; *see also* 22 NYCRR 691.20 [e] [2], [6]; *Brown v St. Mary's Hosp. of Brooklyn,* 293 AD2d 506; *Liss v McCrory Stores Corp.,* 7 AD2d 738), and the Supreme Court failed to provide any rationale for reducing the amount requested. Accordingly, the Supreme Court shall include in the infant compromise order an award of an attorney's fee in the amount of $100,000. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.