*800 OPINION OF THE COURT
Thomas P. Phelan, J.
Application by Claudine Fraser as mother and natural guardian of infant plaintiff Janel Glenn for an order pursuant to CPLR 1207 approving the settlement of the infant plaintiffs claims is denied without prejudice to renewal.
Plaintiffs bring the within action to recover for personal injuries sustained by infant plaintiff Janel Glenn (born July 9, 1992) when she was repeatedly bitten by defendants’ rottweiler dog on June 13, 2004.
The settlement as proposed involves discontinuance of plaintiff Claudine Fraser’s individual claims and a structured settlement to infant plaintiff Janel Glenn as follows:
[[Image here]]
The proposed annuity is represented to have a present cost of $100,000 and the settlement includes the immediate payment of counsel fees of $50,000 for a total settlement cost of $150,000. The current cost of the six payments is as follows: $6,530 ($10,000 at age 22), $6,170 ($10,000 at age 23), $8,760 ($15,000 at age 24), $13,825 ($25,000 at age 25), $11,700 ($25,000 at age 28) and $53,015 ($126,150 at age 30).
Subject to the appearance of plaintiffs before the undersigned (see, CPLR 1208 [d]), this court has little doubt that the proposed $150,000 settlement award is in the best interest of infant plaintiff. At issue is whether there exists sufficient evidence that the proposed annuity, which significantly defers payments to infant plaintiff well beyond her 18th birthday, is in her best interests so as to warrant scheduling of plaintiffs’ appearance before the court at this time.
A court in exercising its authority to approve a settlement pursuant to CPLR 1207 may not dictate the terms of a proposed structured settlement agreement contrary to the wishes of an infant plaintiffs mother and natural guardian unless there exists a basis to conclude that the proposed annuity is not in the *801 infant’s best interest (see, Barretta v NBKL Corp., 298 AD2d 539 [2d Dept 2002]).
Notwithstanding the court’s receipt of a supplemental affirmation by counsel for plaintiffs dated May 31, 2005, which provides some insight as to the rationale of infant plaintiffs mother, the court is not persuaded that the proposed annuity is in the infant’s best interest.
Two reasons are provided for the proposed annuity, as follows: Ms. Fraser wants her daughter to receive some money once Janel graduates from college. Ms. Fraser does not want Janel to receive money while Janel is in college as the money received would affect Janel’s ability to receive financial aid, inter alia, government loans. Additionally, Ms. Fraser is afraid that if too much money is given at an early age, i.e., while her daughter was in her “twenties,” the money would be spent all too quickly. She wants her daughter to “need to work” and then receive the bulk of the monies when she is more mature and ready to settle down. (Supplemental affirmation, dated May 31, 2005, 114.)
However, it does not appear that Ms. Fraser was aware of the relatively recent development of an industry which pays immediate cash to former plaintiffs who are the beneficiaries of structured settlement awards and agreements. As stated in Matter of Settlement Capital Corp. (Bollos) (1 Misc 3d 446, 448 n 1 [2003]), “[r]ecently a growing number of factoring companies have used aggressive advertising, plus the allure of quick and easy cash, to induce settlement recipients to cash out future payments, often at substantial discounts, depriving victims and their families of the long-term financial security their structured settlements were designed to provide.”
In response to this development, the New York State Legislature passed the Structured Settlement Protection Act to require both full disclosure of the costs of such transactions and court approval before doing so (see, General Obligations Law § 5-1701 et seq.).
Judicial interpretation of this act is evolving (see, Matter of Settlement Funding of N.Y. [Platt], 2 Misc 3d 872 [2003]) even as the Legislature modifies the act itself (see, L 2004, ch 480, § 1, amending General Obligations Law § 5-1706 [b]).
Since Ms. Fraser’s rationale for deferring the vast bulk of payments to her daughter Janel until age 25 and beyond did not include the possibility that Janel, after reaching the age of ma *802 jority, might seek to cash out her future payments at a significant discount, the court declines the within application at this time without prejudice to renewal upon a detailed affidavit by Ms. Fraser with or without a revised proposed annuity.