■ BRIAN N. LEGROW, Respondent, v NICHOLAS EMANUELE et al., Defendants. IRIS E. SCHLESINGER et al., Nonparty Appellants. [894 NYS2d 120]—

In an action to recover damages for personal injuries, the nonparties, Iris E. Schlesinger and University Orthopaedics, P.C., appeal from (1) so much of an amended infant compromise order of the Supreme Court, Orange County (Alessandro, J.), dated September 26, 2008, as granted that branch of the plaintiff's motion which was to reduce the sum to be paid to them in satisfaction of their medical lien to $15,000, and (2) an order of the same court dated November 3, 2008, which, sua sponte, vacated an order of the same court dated October 24,

2008, amending the amount to be paid to the nonparties from the sum of $15,000 to the sum of $33,310.

Ordered that on the Court's own motion, the notice of appeal from the order dated November 3, 2008, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the amended infant compromise order dated September 26, 2008, is reversed insofar as appealed from, on the facts and as a matter of discretion, that branch of the plaintiff's motion which was to reduce the sum to be paid to the nonparties in satisfaction of their medical lien to $15,000 is denied; and it is further,

Ordered that the order dated November 3, 2008, is reversed, on the facts and as a matter of discretion, and the order dated October 24, 2008, is reinstated; and it is further,

Ordered that the one bill of costs is awarded to the nonparty appellants, payable by the plaintiff.

In settling his personal injury case, the infant plaintiff, by his mother, moved for approval by the Supreme Court of a proposed infant compromise order which included a provision reducing the sum to be paid to his pediatric orthopedist and her medical group (hereinafter the appellants) in satisfaction of their medical lien from $41,663.80 to $15,000. Despite knowledge that the appellants did not agree to such a drastic reduction and had consented only to reduce the amount to the sum of $33,310, the mother still submitted the proposed infant compromise order to the Supreme Court for approval. The appellants opposed the motion, informing the Supreme Court that it was either willing to reduce their fees to the sum of $33,310 in satisfaction of the medical lien or, in the alternative, if the Supreme Court approved only $15,000 to be paid out of the infant plaintiff's settlement proceeds, then the remaining amount was to be paid by the infant plaintiff's parents. In the amended infant compromise order dated September 26, 2008, the Supreme Court granted that branch of the mother's motion which was to reduce the sum to be paid to the appellants in satisfaction of their medical lien to $15,000, thereby extinguishing any portion of the appellants' outstanding bills above the $15,000 to be paid out of settlement proceeds. Thereafter, on October 24, 2008, the Supreme Court issued another order in which it directed that $33,310, rather than $15,000, be paid to the appellants from the proceeds of the settlement of this case. Finally, in a subsequent order dated November 3, 2008, the Supreme Court vacated the order dated October 24, 2008.

Although the Supreme Court had the authority to approve

the settlement of the action pursuant to CPLR 1207, it improvidently exercised its discretion by reducing the outstanding medical fees to be paid in satisfaction of the lien. Even though the pediatric orthopedist did not participate in the health insurance network of the infant plaintiff's father, the parents still consented to continue treatment, including a second surgery, with the same pediatric orthopedist despite learning after the first emergency surgery that she was not in the network. In addition, the mother executed two acknowledgments as part of two different assignments, either in her own capacity or as the plaintiff's agent, that the appellants' medical bills would be paid in full. Despite the mother having agreed in writing to pay the appellants in full regardless of the insurance coverage and regardless of whether the infant plaintiff recovered any money as a result of his lawsuit, the mother still sought approval from the Supreme Court to reduce the sum to be paid to the appellants in satisfaction of their medical lien.

With respect to the reduction of the appellants' fees below the amount they agreed to since the infant plaintiff, through his mother, consented to the payment of the appellants' fees in full, the Supreme Court improvidently exercised its discretion by reducing those fees beyond what the appellants indicated to the Supreme Court they would be willing to accept (*see Barretta v NBKL Corp.*, 298 AD2d 539, 540 [2002]). Moreover, the appellants' fees as approved in the order dated October 24, 2008, were reasonable and fair to the infant plaintiff. Skelos, J.P., Eng, Belen and Austin, JJ., concur.